IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MURPHY, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-1076-P-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James Murphy, Jr. has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the petition should be construed as a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255 and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was charged by felony information with transporting and shipping child pornography, in violation of 18 U.S.C. § 2252A(a)(1). He waived indictment and pled guilty to the offense pursuant to a plea agreement and factual resume. The Court assessed punishment at 210 months confinement. Defendant's direct appeal was voluntarily dismissed. *See Murphy v. United States,* No. 10-11250 (5th Cir. Mar. 23, 2011). He then sought collateral relief by way of a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255, which was denied by the Court. *See United States v.*

*Murphy*, No. 3:11-cv-559-P, 2011 WL 3204375 (N.D. Tex. July 26, 2011).

Petitioner now seeks post-conviction relief pursuant to 28 U.S.C. § 2241 on grounds that (1) he received ineffective assistance of counsel when his attorney erroneously advised him of the applicable Sentencing Guidelines range and (2) the statute under which he was convicted is unconstitutional.

## Legal standards

A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *See id.* at 877-78.

However, habeas relief under Section 2241 may be appropriate when the remedy provided under Section 2255 is inadequate or ineffective. *See Jeffers v. Chandler,* 253 F.3d 827, 830-31 (5th Cir. 2001); *accord Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) ("However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention."). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "'based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001)). Second, the claim must have been

"'foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.'" *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief under Section 2255. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files his motion in district court. *See id.* §§ 2255(h) & 2244(b)(3).

**Analysis**

Petitioner claims that relief under Section 2241 is appropriate because his ineffective assistance of counsel claim was foreclosed prior to the United States Supreme Court's recent decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye,* 132 S. Ct. 1399 (2012). *See* Dkt. No. 1 at 2-3. That is, before *Lafler* and *Frye*, Petitioner was prevented from claiming that his attorney was deficient for improperly calculating the range of imprisonment that might apply under the United States Sentencing Guidelines. *See id.* at 2-4 & 6-7. However, Petitioner is incorrect. As

the Fifth Circuit recognized in *United States v. Rivas-Lopez*, 678 F.3d 353 (5th Cir. 2012), *Lafler* and *Frye* affirmed this Circuit's existing case law that the Sixth Amendment's protections extend to the plea process. *See Rivas-Lopez,* 678 F.3d at 357. Petitioner cites no authority for his claim that his allegations were foreclosed by now-invalid Fifth Circuit precedent when he submitted his Section 2255 motion in 2011. Indeed, well before Petitioner filed his motion to correct, vacate, or set aside sentence, the Fifth Circuit had determined that a defendant receives ineffective assistance of counsel when his attorney fails to advise him of his potential exposure under the Sentencing Guidelines. *See United States v. Herrera,* 412 F.3d 577, 580-82 (5th Cir. 2005); *see also Beckham v. Wainwright,* 639 F.2d 262, 267 (5th Cir. 1981).[1]

In any case, there is nothing about the Supreme Court's 2012 decisions that suggests that Petitioner may have been convicted of a nonexistent offense, as is required for his claim to fall under Section 2255's "savings clause." *See Padilla,* 416 F.3d at 426-27 (citing *Reyes-Requena,* 243 F.3d at 904). Nor does Petitioner establish that he was barred from arguing that 18 U.S.C. § 2252 was unconstitutional in his original Section 2255 motion. Accordingly, Petitioner has failed to demonstrate that the remedy provided under Section 2255 was inadequate or ineffective to test the legality of his detention.

---

[1] However, a guilty plea is not rendered involuntary based upon a defendant's expectation that he would receive a lesser sentence, even when that belief is based upon an inaccurate prediction by counsel. *See Daniel v. Cockrell,* 283 F.3d 697, 703 (5th Cir. 2002), *abrog. on other grounds recognized by United States v. Grammas,* 376 F.3d 433, 437-38 (5th Cir. 2004).

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2255 motion. Petitioner must obtain such an order before another motion to correct, vacate, or set aside sentence may be filed. Accordingly, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive Section 2254 motion from a state prisoner).

## Recommendation

Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be construed as a successive motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255 and should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE